### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DEREK MORROW, on behalf of himself and
all other similarly situated persons in the
Seventh Circuit, known and unknown,

            Plaintiff,

v.

DS SERVICES OF AMERICA, INC. d/b/a
HINCKLEY SPRINGS

            Defendant.

### COMPLAINT

Plaintiff Derek Morrow, on behalf of himself and all other similarly situated persons in

the Seventh Circuit, known and unknown (the "Collective Class"), by and through his attorney,

Caffarelli & Associates Ltd., complains against Defendant DS Services of America, Inc., d/b/a

Hinckley Springs ("Hinckley" or the "Company"), as follows:

### NATURE OF ACTION

1.      Plaintiff brings this lawsuit as a collective action pursuant to the Fair Labor

Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and an individual claim under the Illinois

Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1, *et seq.* ("IMWL"), based upon Defendant's

improper misclassification of Plaintiff and Collective Class members as exempt employees and

its ensuing failure to pay them at an overtime rate for all hours worked in excess of forty (40) per

workweek.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of this action under the provisions of the FLSA

pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction

over the state law claim pursuant to 28 U.S.C. § 1367.

3.      The unlawful employment practices described herein were committed at

Hinckley's facilities located within the State of Illinois, as well as (with respect to certain

putative Collective Class members) other facilities within the Seventh Circuit.  Accordingly,

venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      Derek Morrow resides in Calumet Park, Illinois, in this judicial district, and has

worked as a Route Manager for Defendant throughout the applicable statute of limitations and

through the present date.

5.      The Named Plaintiff and the Collective Class that he seeks to represent are

current and former employees in the Seventh Circuit who have worked as Route Managers and

were not paid any extra compensation as overtime for hours they worked in excess of forty (40)

per week.

6.      During the relevant statutory periods, the Named Plaintiff and all members of the

Collective Class were employed by Defendant as "employees" as defined by the FLSA and

IMWL.

7.      During the course of their employment, the Named Plaintiff and members of the

Collective Class were not exempt from the maximum hours provisions of the IMWL, 820 Ill.

Comp. Stat. 105/4a, or the FLSA, 29 U.S.C. § 207.

8.     DS Services of America, Inc. is "a national direct-to-consumer provider of bottled water, office coffee and water filtration services" and operates under the name "Hinckley Springs," among other corporate names.  *See* www.hinckleysprings.com/bottled-water-privacy-policy (last visited July 3, 2018).  It is a Delaware corporation authorized to do business in Illinois.  Plaintiff worked from Defendant's facility located at 6055 S. Harlem Ave., Annex Building, in Chicago, IL.

## FACTUAL ALLEGATIONS

9.     The Plaintiff and each member of the Collective Class worked as Route Managers for the Defendant during the past three years.

10.     As Route Managers, Plaintiff and each member of the Collective Class supervised a handful of delivery drivers.

11.     However, neither Plaintiff nor any member of the Collective Class had the ultimate authority to hire, discipline, or terminate any individual.

12.     Any recommendations by Plaintiff or any member of the Collective Class as to the hiring, discipline, or termination of any individual were not given particular weight by the Defendant.

13.     Neither Plaintiff nor any member of the Collective Class conducted reviews of the drivers that they supervised.

14.     As Route Managers, Plaintiff and each member of the Collective Class simply maintained customer and route maintenance, per the specifications of the Defendant.  They basically acted as intermediaries between customers and delivery drivers, in order to resolve complaints, troubleshoot deliveries, and fulfill orders.

15.     Neither Plaintiff nor any member of the Collective Class exercised significant discretion in the execution of his or her job duties.

16.     Plaintiff and each member of the Collective Class spent the majority of their time at work (approximately 80-90%) themselves acting as drivers, and delivering water to Defendant's customers on regular routes.

17.     While driving on a route, Plaintiff and each member of the Collective Class might answer an occasional e-mail or take a call relating to some type of customer service or scheduling matter; however, the vast majority of the time that Plaintiff and each member of the Collective Class spent working, they engaged in exactly the same duties as non-exempt delivery drivers.

18.     Due to the nature of the work performed by Route Managers, the Collective Class members could not, and did not, simultaneously perform supervisory duties and non-exempt driving duties, the latter of which comprised the vast majority of their workday.

19.     Hinckley did not require Plaintiff or any member of the Collective Class to clock in or out of work at the beginning or end of their shifts.

20.     Hinckley did not accurately track or maintain any record of the number of hours worked by Plaintiff or any member of the Collective Class.

21.     Plaintiff worked five days per week, and worked an average of twelve hours during each shift.

22.     Plaintiff kept personal logs of his time worked, and approximates that he worked an average of sixty (60) hours each week with no additional weekly compensation beyond his base salary.

23.     Plaintiff observed that other Route Managers also worked a significant number of overtime hours each week.

24.     Members of the putative Collective Class in fact regularly worked more than forty (40) hours each week.

25.     However, Defendant compensated Plaintiff and each member of the Collective Class on a salary basis, intended to cover forty (40) hours per week.

26.     Defendant did not pay Plaintiff or any member of the Collective Class any additional compensation for time that they worked in excess of forty (40) hours per week.

27.     Defendant categorized Plaintiff and all members of the Collective Class as "exempt" from the overtime provisions of the FLSA and IMWL.

28.     The Defendant's policies and practices with regard to its failure to properly classify Route Managers as non-exempt employees, track and record Route Managers' hours, and/or accurately pay its Route Managers overtime workweek-by-workweek, were applied uniformly with respect to the Named Plaintiff and all members of the Collective Class.

29.     The Defendant knew or should have known about its obligations to compensate its Route Managers at the appropriate overtime rate for hours worked in excess of forty (40) per week.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**(Collective Action)**

30.     Plaintiff incorporates the above paragraphs though fully set forth herein.

31.     This Count arises from Defendant's violations of the FLSA, 29 U.S.C. § 201, *et seq.*, for its failure to pay the Named Plaintiff and all members of the Collective Class for all hours worked, and overtime wages for all hours worked in excess of forty (40) per workweek.

5

32.     Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendant's failure to comply with 29 U.S.C. §§ 206 – 207.  The Named Plaintiff attaches as Exhibit A his Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

33.     All past and present employees of Defendant who performed non-exempt work as Route Managers and who were not paid overtime wages for all hours worked in excess of forty (40) per workweek are similarly situated to the Named Plaintiff, in that Defendant applied its compensation policies, which violate the FLSA, on company-wide bases for at least all members of the Collective Class.

34.     Defendant's failure to pay overtime wages for all hours worked over forty (40) per workweek is a willful violation of the FLSA, since Defendant's conduct shows that it either knew that its conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

35.     The Named Plaintiff's experiences are typical of the experiences of the putative members of the Collective Class, as set forth above.

36.     For all members of the Collective Class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire Collective Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

37.     The members of the Collective Class who are still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

WHEREFORE, Plaintiff Derek Morrow, on behalf of himself and all other similarly situated individuals in the Seventh Circuit, known and unknown, respectfully requests that this Court enter an order as follows:

a)     Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b)     Awarding liquidated damages in an amount equal to the amount of unpaid compensation found due pursuant to 29 U.S.C. § 216(b);

c)     Awarding prejudgment interest with respect to the amount of unpaid compensation;

d)     Awarding reasonable attorneys' fees and costs incurred in filing this action;

e)     Entering an injunction precluding Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

f)     Awarding such additional relief as the Court may deem just and proper.

### COUNT II
### ILLINOIS MINIMUM WAGE LAW
### (Individual Action)

38.     Plaintiffs incorporate the above paragraphs as though fully set forth herein.

39.     This Count arises from Defendant's violation of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, for its failure to pay the Named Plaintiff any overtime wages for all hours worked in excess of forty (40) per workweek.

40.     As of the time of this filing, Plaintiff does not believe that there are enough similarly situated Route Managers in the Seventh Circuit to meet the numerosity requirement for class actions under Illinois law.

41.     Pursuant to the IMWL, the Named Plaintiff was entitled to be compensated with overtime wages for all weeks during which he worked in excess of forty (40) hours.

42.     Defendant violated the IMWL by failing to compensate the Named Plaintiff at the appropriate overtime rate for all hours worked in excess of forty (40) per workweek.

WHEREFORE, Plaintiff Derek Morrow respectfully requests that this Court enter an order as follows:

a)      Awarding judgment in an amount equal to all unpaid back pay owed to Named Plaintiff pursuant to the IMWL;

b)      Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

c)      Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

d)      Awarding reasonable attorneys' fees and costs incurred in filing this action;

e)      Entering an injunction precluding Defendant from violating the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*; and

f)      Ordering such other and further relief as this Court deems appropriate and just.


Dated: July 3, 2018                          Respectfully submitted,

Alejandro Caffarelli, #06239078              DEREK MORROW, on behalf of himself
Lorrie T. Peeters, #6290434                  and all other similarly situated persons in
Alexis D. Martin, #06309619                  the Seventh Circuit, known and unknown,
Caffarelli & Associates Ltd.
224 S. Michigan Ave., Ste. 300
Chicago, Illinois 60604                      By: /s/  Alejandro Caffarelli
Tel. (312) 763-6880                              Attorney for Plaintiffs